# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINA G. GRISSAM,**

        **Plaintiff,**

**v.**                                              **Case No:   6:16-cv-1368-Orl-41KRS**

**RANRAJ SINGH DHANJU I, INC.,**
**RANRAJ SINGH DHANJU II, INC.,**
**RANRAJ SINGH DHANJU III, INC.,**
**RANRAJ SINGH DHANJU IV, INC. and**
**RANDHIR SINGH,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 17)** |
| **FILED:** | **September 20, 2016** |

## I.    BACKGROUND.

On July 29, 2016, Plaintiff Christina G. Grissam filed a complaint against Defendants Ranrah Singh Dhanju I, Inc.; Ranraj Singh Dhanju II, Inc.; Ranraj Singh Dhanju III, Inc.; Ranraj Singh Dhanju IV, Inc.; and Randhir Singh.  Doc. No. 1.[1]  In the complaint, Plaintiff asserted that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., by failing to

---

[1] Plaintiff originally filed the case as a putative collective action, but no other individuals have joined the lawsuit.

pay her the overtime compensation required by law.   Plaintiff contended that she was entitled to unpaid overtime compensation, plus an equal amount in liquidated damages, and attorney's fees. *Id*.   On September 9, 2016, the parties informed the Court that they had reached a settlement.   Doc. No. 15.   On September 20, 2016, the parties filed the instant motion requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 17.   They attached a fully-executed copy of their settlement agreement.   Doc. No. 17-1 (the "Settlement Agreement").   The parties stipulate to an Order approving their settlement, and dismissing the case with prejudice.   Doc. No. 17, at 1, 6.

The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th

Cir. 2009) (per curiam).[2]   If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III.   ANALYSIS.

*A.      Whether the Settlement Agreement is a Compromise.*

Under the Settlement Agreement, Defendant will pay a total of $4,500.00.   That amount includes $750.00 for lost wages, $750.00 for liquidated damages, and $3,000.00 that Plaintiff's counsel will receive for attorney's fees and costs.   Doc. No. 17-1 at 4-5.   The parties settled this case before Plaintiff filed her answers to the Court's FLSA Interrogatories and provided the Court with information about the value of her claim.   However, the parties represent that they shared information about Plaintiff's hours and wages and agreed that $750.00 is the maximum amount of back wages to which Plaintiff would be entitled if she prevailed on her claim against Defendants.[3] They also agreed that $750.00 is the maximum amount of liquidated damages to which Plaintiff would be entitled if she prevailed on her claim against Defendants.   Doc. No. 17, at 2.   In light of the parties' representation that Plaintiff is receiving all of the compensation to which she is entitled under the FLSA, I recommend that the Court find that she has not compromised her claims within the meaning of *Lynn's Food*.

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[3] This figure is based on approximately 171.39 hours for which Plaintiff was allegedly not paid a half-time rate that ranged from $4.13 to $4.38 per hour. Doc. No. 17, at 2.

B.     *Attorney's Fees and Costs.*

Under the Settlement Agreement, counsel will receive $3,000.00 for attorney's fees and costs.  Doc. No. 17-1, at 4.   Because Plaintiff will receive all of the FLSA compensation arguably due, the amount of attorney's fees and costs paid under the Settlement Agreement cannot have tainted the amount Plaintiff agreed to accept to settle the case.   Accordingly, the Court need not scrutinize the Settlement Agreement further to consider whether the attorney's fees and costs to be paid are reasonable.[4]   *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

C.     *Whether the Settlement is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case (if the employer has paid) or enter judgment for the employee (if the employer has not paid)."   *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees*, 706 F. Supp. 2d at 1247).   However, the Court is aware that some judges in the district have expressed the view that a non-cash concession by an employee, such as a confidentiality provision or a broad release clause, "affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full."   *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012) (quoting *Moreno*, 729 F. Supp. 2d at 1348), *adopted by* 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

---

[4] The parties further represent that "the attorneys' fees and costs that Defendants will pay . . . were agreed upon separately and without regard to the amount paid to Plaintiff."  Doc. No. 17, at 5.  This representation is another indication that the agreed-upon attorney's fees and costs do not undermine the fairness of the Settlement Agreement.  *Cf. Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

On this point, I note that the Settlement Agreement does not confine its release to the claims stated in this lawsuit. Instead, it includes other, non-FLSA wage claims. Specifically, the Settlement Agreement releases Defendants and some non-parties from all claims

> arising out of or under the FLSA and/or Florida state or local law governing the payment of wages, including but not limited to, the Florida Constitution and Florida Minimum Wage Act, whether known or unknown, suspected or unsuspected, that [Plaintiff] may have against the Released Parties arising from, in connection with, or relating to (a) the terms and conditions of her employment with [Defendants]; and (b) the aforementioned Lawsuit.

Doc. No. 17-1, at 5-6. The Settlement Agreement goes on to state that the released claims include claims arising under the FLSA and all state and local wage and hour laws and regulations; claims for disputed wages under the FLSA; and claims for her attorney's fees and costs. *Id.* at 6.

There is a split of authority within the district as to whether such a release is acceptable under *Lynn's Food*. Some judges in this district have found that, when a plaintiff raised only FLSA claims in her complaint, a release that goes beyond those claims prevents the Court from approving a settlement under *Lynn's Food*. *See, e.g.*, *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding that, when the plaintiff only raised a claim for unpaid overtime under the FLSA, the release of wage claims under the FMWA and Florida Constitution made the release "per se unreasonable under *Lynn's Food* because it confer[red] an undeserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute"); *Espinal v. Garda CL Se., Inc.*, No. 6:14-cv-609-Orl-37KRS, Doc. No. 28, at 4 n.1 (M.D. Fla. June 23, 2014) (finding a release of all wage and overtime claims under the Florida Constitution and FMWA "unenforceable and severed to the extent it requires the release of wage and overtime claims for damages that were not recoverable under the FLSA"). Other judges in this district have, however, found that similar releases do not prevent a finding that the settlement is fair and reasonable. *See, e.g.*, *Cooper v. Garda CL Se., Inc.*, No. 6:15-cv-1677-

40KRS, 2015 U.S. Dist. LEXIS 169481, at \*3–4 (M.D. Fla. Dec. 18, 2015) (approving the release of wage and overtime claims under the FLSA, Florida Constitution, and FMWA when the complaint asserted only an FLSA overtime claim); *Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-cv-344-Orl-28KRS, 2011 U.S. Dist. LEXIS 135286 (M.D. Fla. Oct. 28, 2011) (determining, in a case concerning FLSA minimum wage and various other state claims, that a release of "[a]ll claims relating to tip distribution practices and any and all other wage and hour claims" did not constitute an impermissible "side deal"), *adopted by* No. 6:10-cv-344-Orl-28KRS, Doc. No. 69 (M.D. Fla. Nov. 23, 2011).  Because there is no controlling authority, I defer to the district judge on the question of whether the release in the Settlement Agreement renders the settlement unfair.

## IV.    RECOMMENDATIONS.

Based on the foregoing, I respectfully **RECOMMEND** that the **DETERMINE** whether any of the provisions of the Settlement Agreement render the agreement unfair under *Lynn's Food Stores* for the reasons discussed above.

If the provisions do not render the Settlement Agreement unfair, then I further **RECOMMEND** that the Court do the following:

1.  **FIND** that the Settlement Agreement (Doc. No. 17-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

2.  **GRANT in part** the Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. No. 17);

3.  **DECLINE** to retain jurisdiction to enforce the settlement agreement;

4.  **PROHIBIT** Plaintiff's counsel from withholding any of the amounts payable to Plaintiff under the Settlement Agreement; and

5.  **DISMISS** this case with prejudice, and **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that any of the provisions of the Settlement Agreement render the agreement unfair under *Lynn's Food Stores*, I **RESPECTFULLY RECOMMEND** that the Court **DENY** the Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. No. 17).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 22, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy