UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTINA G. GRISSAM,**

      **Plaintiff,**

v.                                              Case No:  6:16-cv-1368-Orl-41KRS

**RANRAJ SINGH DHANJU I, INC.,**
**RANRAJ SINGH DHANJU II, INC.,**
**RANRAJ SINGH DHANJU III, INC.,**
**RANRAJ SINGH DHANJU IV, INC. and**
**RANDHIR SINGH,**

      **Defendants.**
_____/

**ORDER**

      THIS CAUSE is before the Court on the Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 17). United States Magistrate Judge Karla Spaulding issued a Report and Recommendation ("R&R," Doc. 18), recommending that this Court grant in part the Motion with the caveat that the Court must first determine whether the release contained in the settlement agreement undermines its fairness. Because the Court concludes that the release does not undermine the fairness of the settlement agreement, it will grant the parties' Motion.

      As set forth in the R&R, the Court must review the settlement of Plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to ensure that it is fair and reasonable. Here, the settlement agreement includes Plaintiff's release of all claims "arising out of or under the FLSA and/or Florida state or local law governing the payment of wages." (Settlement Agreement, Doc. 17-1, ¶ 3). The inclusion of a release in an FLSA settlement agreement does not necessarily render the agreement unfair, but the Court must be able to evaluate the value of the released claims. *See Shearer v. Estep Const., Inc.*, No. 6:14-cv-1658-Orl-41GJK,


2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). Where the parties include a broad, general release, releasing any and all claims, valuation of those unknown claims is nearly impossible, and therefore such a release "precludes a fairness determination." *Id.*

However, the settlement agreement in this case does not involve such a release. Instead, the release here is limited to wage claims. The approximate value of such claims is discernable based on the record before the Court, and therefore, an evaluation of the fairness and reasonableness of a release of those claims is possible. As detailed in the R&R, the settlement of Plaintiff's claims, including the release of all wage claims, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA. The Court agrees entirely with the analysis in the R&R. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 18) is **ADOPTED** and **CONFIRMED** and made part of this Order.
2. The Joint Motion for Approval of Settlement (Doc. 17) is **GRANTED in part**.
3. This case is **DISMISSED with prejudice**.
4. The Court declines to retain jurisdiction to enforce the settlement agreement.
5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record